J-S08003-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONTAE THOMAS, | : | |
| | : | |
| Appellant | : | No. 441 EDA 2014 |

Appeal from the Judgment of Sentence January 23, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No(s): CP-51-CR-0007761-2012
and MC-51-CR-0000625-2012

BEFORE:  DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED FEBRUARY 18, 2015**

Dontae Thomas ("Thomas") appeals from the judgment of sentence entered following his convictions of robbery, burglary, conspiracy and assault.[1]  Following our review, we affirm.

The trial court summarized the facts underlying this appeal as follows:

> On December 30, 2011 at approximately 4:00 P.M. on the 6600 block of Kindred Street, victim Milagros Cintron and her paramour, victim Asif Yaqoob, were inside their home with the front door slightly ajar when [Thomas] and co-defendant Hector Vasquez entered the home without permission. (N.T. 10/25/13 p. 21-24, 76-77.) Both victims recognized [Thomas] and Mr. Vasquez because they had been acquaintances for several years and neither assailant had his face covered. (N.T. 10/25/13 p. 28, 39, 78-79, 90.) [Thomas] put "the gun on [Ms. Cintron's] chest ... right in the middle of the chest" and Ms. Cintron experienced some pain. (N.T. 10/25/13 p.

---

[1] 18 Pa.C.S.A. § 3702(a)(1)(ii), 3502, 903, 2701(a).

25-26.) [Thomas] proceeded to push Ms. Cintron through the living room and up against a wall, and then demanded her purse. (N.T. 10/25/13 p. 26-28, 78, 81-82.) [Thomas] took Ms. Cintron's purse, which contained "medication, appointment papers, and $140.00 which belonged to both Ms. Cintron and Mr. Yaqoob." (N.T. 10/25/13 p. 27-28, 81-82.)

At the same time, Mr. Vasquez pointed the gun at Mr. Yaqoob, pushed Mr. Yaqoob against a wall, began hitting Mr. Yaqoob with the alleged gun, and was asking for Mr. Yaqoob's wallet. (N.T. 10/25/13 p. 77-78.) Mr. Yaqoob felt "a little bit" of pain (N.T. 10/25/13 p. 86). Mr. Yaqoob said, "look everything's in the purse; my money's in the purse; take her purse; just get out." (N.T. 10/25/13 p. 81.)

[Thomas] grabbed Ms. Cintron's purse and [he] and Mr. Vasquez ran out of the home. (N.T. 10/25/13 p. 82.) Mr. Yaqoob called 911. While on the phone, Mr. Yaqoob observed [Thomas] and Mr. Vasquez get into a white Lincoln car, drive a few blocks to a park, exit the car, and run into a house on Souder Street. (N.T. 10/25/13 p. 82-84.)

Later that evening, Detective Joseph Corrigan obtained and executed a search warrant at 6550 Souder Street. (N.T. 10/28/1 3 p. 80-82.) Outside of the home, Detective Corrigan recovered the "black purse with keys attached to it" that was later identified as the purse stolen from the victims. (N.T. 10/25/13 p. 36, 41; N.T. 10/28/13 p. 82-83.) Inside of the home, Detective Corrigan recovered a "silver colored toy-like-revolver type handgun with a black handle that "doesn't fire or anything. It's not a real firearm. It's like hard plastic." (N.T. 10/28/13 p. 80-82, 86.)

Both victims testified that the firearm recovered from the search warrant was not one of the guns used against them. (N.T. 10/25/13 p. 42, 87-88.)

Trial Court Opinion, 5/28/14, at 1-2.

Thomas was subsequently arrested and charged with twenty-two counts of a veritable catalog of crimes. Following a jury trial at which Thomas and Vasquez were tried together, Thomas was convicted only of the three crimes mentioned above. He filed a post-sentence motion, which the trial court denied. This timely appeal followed.

Thomas presents two issues for our review:

> 1. Were not the verdicts for [r]obbery, [c]onspiracy to [c]omit [r]obbery, [b]urglary and [s]imple [a]ssault against the weight of the evidence to such a degree as to shock the conscience, such that the trial court erred in denying the post-sentence motion for a new trial?
>
> 2. Where the jury found [Thomas] [n]ot [g]uilty of [p]ossesing an [i]nstrument of a [c]rime and made a specific finding as part of the verdict that there was no weapon involved, the evidence was insufficient to support the verdict of guilty of robbery in the first degree.

Thomas' Brief at 5.[2]

The first issue presented argues that Thomas' convictions were against the weight of the evidence.

> Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.** Because the trial judge has had the opportunity to hear and see the

---

[2] Thomas included a third issue in his statement of questions involved. but he did not include that issue in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal. **See** Thomas' Brief at 5; Statement of Matters Complained of on Appeal, 3/18/14. Accordingly, it has been waived for purposes of appeal. Pa.R.A.P. 1925(b)(4)(vii).

evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained[,] [t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis in the original) (citations omitted). Accordingly, we are mindful that as we review Thomas' claim, we are not passing on the underlying question of whether the verdicts were against the weight of the evidence, but rather we are considering whether the trial court abused its discretion in denying his motion based upon his claim that the verdict was against the weight of the evidence. We are focused, therefore, on evidence that the trial court's ruling

is "manifestly unreasonable or [that] the law is not applied or [that] the record shows that the action is a result of partiality, prejudice, bias or ill-will." ***Id.***

Thomas' argument fails to appreciate our standard and scope of review. The entire argument is framed in terms of the jury's determination that the victims' testimony was credible. Thomas does not present any argument as to how he believes the trial court abused its discretion in denying his post-sentence motion. He only points to what he considers to be inconsistencies and irregularities in victims' testimony and assails the jury's credibility determinations and fact finding. Thomas' Brief at 11-12. Thus, his argument is directed to the underlying question of whether his convictions are against the weight of the evidence. As stated above, this is not the question before us for review.

Thomas has not provided us with appropriate argument relative to our standard of review, and this Court will not develop an argument on his behalf. ***See Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006). In addition, however, we note that our independent review of the record provides us with ample support for the conclusion that the trial court did not abuse its discretion in deciding that the verdicts in this case were not against the weight of the evidence. We therefore find no merit to Thomas' claim.

Thomas' remaining claim assails the sufficiency of the evidence supporting his conviction of robbery graded as a first-degree felony. When reviewing a sufficiency of the evidence claim, "we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense." ***Commonwealth v. Cox***, 72 A.3d 719, 721 (Pa. Super. 2013) (quoting ***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011)). When performing this review, "we may not reweigh the evidence or substitute our own judgment for that of the fact finder." ***Id.***

Thomas argues that because the jury found both him and his co-defendant not guilty of possession of an instrument of crime, there is insufficient evidence to support a conviction of first-degree felony robbery. Thomas' Brief at 13. Thomas is mistaken. The definitions and gradations of robbery are found in section 3701 of the Crimes Code. It provides as follows:

> **(a) Offense defined.**--
>
> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
>> (i) inflicts serious bodily injury upon another;
>>
>> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
>>
>> (iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

(v) physically takes or removes property from the person of another by force however slight; or

(vi) takes or removes the money of a financial institution without the permission of the financial institution by making a demand of an employee of the financial institution orally or in writing with the intent to deprive the financial institution thereof.

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

(3) For purposes of this subsection, a "financial institution" means a bank, trust company, savings trust, credit union or similar institution.

**(b) Grading.—**

(1) Except as provided under paragraph (2), robbery under subsection (a)(1)(iv) and (vi) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree.

(2) If the object of a robbery under paragraph (1) is a controlled substance or designer drug as those terms are defined in section 2 of the act of April 14, 1972 (P.L. 233, No. 64),[1] known as The Controlled Substance, Drug, Device and Cosmetic Act, robbery is a felony of the first degree.

18 Pa.C.S.A. § 3701.

Thomas was convicted of robbery under § 3701(a)(1)(ii), which requires evidence that he "threaten[ed] another with or intentionally put[] him in fear of immediate serious bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(ii). "Serious bodily injury," in turn, is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301.

The evidence, when considered in the light most favorable to the Commonwealth, establishes that Thomas pressed a gun against Ms. Cintron's chest while repeatedly demanding money. N.T., 10/25/13, at 24-26, 81. Ms. Cintron testified that she was afraid for her life while Thomas was doing this to her. *Id.* at 29. As a result, Ms. Cintron gave Thomas her purse. *Id.* at 27. This evidence is sufficient to establish that in the course of committing a theft, Thomas intentionally put Ms. Cintron in fear of immediate serious bodily harm, thus satisfying the elements contained in § 3701(a)(1)(ii). Pursuant to § 3701(b)(1), this is a felony of the first degree.

In his view, if Thomas or Vasquez did not possess a gun, "then what they did can rise no higher than [r]obbery of the [t]hird [d]egree." Thomas' Brief at 13. Thomas boldly presumes that the jury "did not believe the testimony of Melogros [sic] Cintron that [Thomas] poked her in the chest with a gun, nor the testimony of Asif Yaqoob that [Vasquez] hit him on the head repeatedly with a gun. Without those facts, the evidence does not

establish … that the perpetrator[] cause[d], attempt[ed] to cause, or put the victim in fear of serious bodily injury." ***Id.*** Contrary to Thomas' position, the fact that the jury found Thomas not guilty of possession of an instrument of crime does not diminish or negate this evidence. The jury returned an inconsistent verdict, which our law expressly permits:

> Well-settled Pennsylvania law permits inconsistent verdicts, provided sufficient evidence supports the conviction. ***Commonwealth v. Miller***, [] 35 A.3d 1206 ([Pa.] 2012); ***Commonwealth v. King***, 990 A.2d 1172, 1178 (Pa. Super. 2010), *appeal denied*, 53 A.3d 50 ([Pa.] 2012); ***Commonwealth v. Trill***, [] 543 A.2d 1106, 1111 ([Pa. Super.] 1988), *appeal denied*, 562 A.2d 826 ([Pa.] 1989). "[I]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal." ***Commonwealth v. Rose***, 960 A.2d 149, 158 (Pa. Super. 2008), *appeal denied*, 980 A.2d 110 ([Pa.] 2009) (citation omitted). "An acquittal cannot be interpreted as a specific finding in relation to some of the evidence." ***Miller,*** [] 35 A.3d at 1213.

***Commonwealth v. Houck***, 102 A.3d 443, 451 (Pa. Super. 2014); ***see also Commonwealth v. Moore***, 103 A.3d 1240, 1250 (Pa. 2014) (holding that conviction of possession of an instrument of crime may be sustained when defendant has been otherwise acquitted of related offenses involving the use of that instrument of crime). As recounted above, there was sufficient evidence to support the jury's verdict regarding first-degree felony robbery; accordingly, this inconsistent verdict does not advance Thomas' cause.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015