J-S81045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES EDWARD HOYER, | |
| Appellant | No. 335 MDA 2017 |

Appeal from the Order Entered January 19, 2017
in the Court of Common Pleas of Lebanon County
Criminal Division at Nos.: CP-38-CR-0001410-2007
CP-38-CR-0001411-2007
CP-38-CR-0001669-2008

BEFORE: PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED FEBRUARY 16, 2018**

Appellant, Charles Edward Hoyer, appeals *pro se* from the order denying his post-conviction motion to compel discovery. We affirm.

Appellant was convicted at the above docket numbers on March 3, 2008, May 9, 2008, and October 7, 2009, of several sex crimes involving minor boys.[1] On April 14, 2008 and October 8, 2008, the court imposed judgments of sentence in docket numbers 1410-2007 and 1411-2007. This Court

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, Appellant was convicted of three counts of endangering the welfare of children, 18 Pa.C.S.A. § 4304(a); four counts of corruption of minors, 18 Pa.C.S.A. § 6301(a); and eleven counts of indecent assault, 18 Pa.C.S.A. § 3126(a)(1)-(4), and (7)-(8).

affirmed the judgments of sentence on September 8, 2009 and September 9, 2009. (*See Commonwealth v. Hoyer*, 986 A.2d 1256 (Pa. Super. 2009) (unpublished memorandum); *Commonwealth v. Hoyer*, 986 A.2d 1257 (Pa. Super. 2009) (unpublished memorandum)). The trial court imposed the judgment of sentence for docket number 1669-2008 on December 1, 2009, and this Court affirmed on January 14, 2011. (*See Commonwealth v. Hoyer*, 23 A.3d 1083 (Pa. Super. 2011) (unpublished memorandum)).

On November 5, 2009, at docket numbers 1410-2007 and 1411-2007, the Lebanon County Public Defender's Officer filed a motion for the appointment of conflict counsel to enable Appellant to pursue post-conviction relief. The court appointed counsel on November 6, 2009, and an amended petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, was filed on November 18, 2010. After a hearing, the PCRA court denied Appellant's petition on August 12, 2011. This Court affirmed the PCRA court's order on March 23, 2012, and our Supreme Court denied further review on September 19, 2012. (*See Commonwealth v. Hoyer*, 47 A.3d 1255 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 53 A.3d 757 (Pa. 2012)).[2]

_____

[2] On November 9, 2011, Appellant filed a *pro se* PCRA petition at docket number 1669-2008. Appointed counsel filed an amended petition on April 23, 2012. On October 13, 2015, the court issued a Rule 907 notice of its intent to dismiss Appellant's petition without a hearing, from which Appellant

On December 16, 2016, Appellant filed a *pro se* motion to compel discovery pursuant to Pennsylvania Rule of Criminal Procedure 573(a). On January 19, 2017, the court denied Appellant's motion on the basis that he is not entitled to discovery where there is nothing pending in any of his cases, and his request for discovery is a fishing expedition. Appellant timely appealed on February 13, 2017.[3]

Appellant raises five issues challenging the denial of his motion to compel discovery.

> 1. Whether the Commonwealth denied Appellant access to discovery materials necessary to prove his innocence and perfect his appeal efforts?
>
> 2. Whether the Commonwealth committed deliberate **Brady** violations when it knowingly denied Appellant discovery crucial to his defense pretrial?
>
> 3. Whether materials exist now that were not present at the time of trial that are denied the Appellant?
>
> 4. Whether some materials requested have been previously requested by the Appellant via *pro-se* motions which have been ignored by the Commonwealth?
>
> 5. Whether some of the materials denied include original investigative notes that were not included in pretrial discovery?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

_____

appealed. **See** Pa.R.Crim.P. 907(1). On February 29, 2016, this Court quashed the appeal because it was not from a final order.

[3] On March 23, 2017, Appellant filed a timely court-ordered statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The court filed an opinion on March 29, 2017. **See** Pa.R.A.P. 1925(a).

- 3 -

We note first that "[i]t is [] well-settled that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (citations omitted). Here, Appellant's judgments of sentence became final after the thirty-day period expired to petition for allowance of appeal to the Pennsylvania Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Specifically, the judgments at docket numbers 1410-2007 and 1411-2007 became final on October 8, 2009 and October 9, 2009, respectively; and his sentence at docket number 1669-2008 was final as of February 14, 2011.[4] Therefore, we treat Appellant's motion to compel discovery as a PCRA petition.

Pursuant to the Pennsylvania Rules of Criminal Procedure, "[unless requested i]n the first counseled petition in a death penalty case," "[n]o discovery shall be permitted at any stage of [post-conviction] proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E). Generally, "[w]e review a PCRA court's denial of discovery for an abuse of discretion." ***Commonwealth v. Reid***, 99 A.3d 470, 486 (Pa. 2014) (citation omitted). However, before we consider the merits of Appellant's request for relief, we must consider whether it is timely:

---

[4] February 13, 2011 was a Sunday.

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

Instantly, as discussed above, Appellant's judgments of sentence became final on October 8, 2009, October 9, 2009, and February 14, 2011. Therefore, he had one year from each of those dates to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Accordingly, Appellant's current petition, filed on December 16, 2016, is untimely on its face, and we lack jurisdiction to consider its merits unless he pleads and proves a timeliness exception. *See id.*

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. *See id.* When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the

three exceptions to the PCRA timing requirements. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted).

In the case *sub judice*, Appellant fails to acknowledge that his motion is an untimely PCRA petition, let alone to plead and prove the applicability of a timeliness exception.[5] (*See* Appellant's Brief, at 9-12); *see Johnston*, *supra* at 1126. Therefore, we lack jurisdiction to consider the merits of his appeal. *See Jones*, *supra* at 16-17. Accordingly, we affirm.[6]

Order affirmed.

---

[5] To the extent Appellant's brief could be interpreted liberally to raise the government interference and newly discovered evidence exceptions, (*see* Appellant's Brief, at 4, 9-12); 42 Pa.C.S.A. § 95445(b)(1)(i)-(ii), he provides absolutely no pertinent law or discussion to support such claims, and this Court will not act as counsel and develop arguments on his behalf. *See* Pa.R.A.P. 2119(a)-(b); *see also Commonwealth v. Cox*, 72 A.3d 719, 721 n.3 (Pa. Super. 2013).

[6] Moreover, we note briefly that the PCRA court found Appellant merely was "conduct[ing] a fishing expedition[.]" (PCRA Court Order, 1/19/17, at 3). Indeed, a cursory review of his appellate brief confirms that he fails to establish the exceptional circumstances necessary for discovery in post-conviction proceedings. (*See* Appellant's Brief, at 9-12); *see also* Pa.R.A.P. 2119(a)-(b); Pa.R.Crim.P. 902(E)(1).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2018