COMMONWEALTH of Pennsylvania, Appellee

v.

**Lindsey Marie COX, Appellant.**

Superior Court of Pennsylvania.

Submitted July 8, 2013.
Filed Aug. 2, 2013.
Reargument Denied Sept. 27, 2013.

---

Elizabeth Judd, Public Defender, Lebanon, for appellant.

Meaghan M. Shirk, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

BEFORE: BENDER, DONOHUE and STRASSBURGER *, JJ.

OPINION BY DONOHUE, J.:

In this appeal, we face the question of whether comments made in an on-line forum can constitute a criminal offense. Lindsey Marie Cox ("Cox") appeals from the judgment of sentence entered following her conviction by a jury of harassment, 18 Pa.C.S.A. § 2709(a)(4), based upon her publication of lewd comments on Facebook. Since the evidence of the on-line activity was sufficient to support the conviction and the conviction was not against the weight of the evidence, we affirm.

Cox's conviction arose from an incident in which she posted the following comment on her Facebook page: "[Victim [1]]

---

* Retired Senior Judge assigned to the Superior Court.

1. To avoid any further emotional damage to the target of Cox's social media attack, we

has herpes. Ew, that's gross. She should stop spreading her legs like her mother." N.T., 5/10/12, at 8. At the time of this incident, Cox was 18 years old and Victim was 15 years old. Cox posted this comment the day before Victim's first day of 10th grade, and the internet posting received comments and "likes"[2] from multiple people. Victim and her mother reported this posting to the police, who subsequently filed charges against Cox. Cox was convicted of harassment following a jury trial, and she was sentenced to six months of probation. After the denial of her post-sentence motion, Cox timely filed this appeal.

Cox first argues that the evidence was insufficient to support her conviction. "In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense." *Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa.Super.2011). When performing this review, "we may not reweigh the evidence or substitute our own judgment for that of the fact finder." *Id.*

■ The statute under which Cox was convicted states the following: "A person commits the crime of harassment when, with intent to harass, annoy or alarm an-

other, the person: ... (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]" 18 Pa. C.S.A. § 2709(a)(4). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Lutes*, 793 A.2d 949, 961 (Pa.Super.2002).

■ Cox sets forth no argument as to how the evidence here was insufficient to establish the elements of the crime of harassment. Instead, Cox argues that her own interpersonal issues and trouble dealing with changes in her familial relationships caused her to unwisely "[take] the matter out on [Victim]." Appellant's Brief at 9. It is her position that "[t]he Commonwealth and society should have no interest in criminally vindicating this matter. [Her] actions were wrong but not criminal." *Id.*[3]

■ Contrary to Cox's view and in light of the totality of the evidence, her misuse of the internet and social media was criminal. The evidence of record establishes that Cox posted a statement indicating that Victim suffered from a sexually transmitted disease on an online forum, and that this statement was viewed by multiple people. N.T., 5/10/12, at 6, 11. We conclude that this is sufficient to support a

have redacted the target's name and instead refer to her only as Victim.

2. When a Facebook user posts content, such as the comment at issue here, a button that says "Like" will appear below the post. Other Facebook users who view the post can click that button, thereby indicating their appreciation of the post. These are colloquially referred to as "likes."

3. Our rules of appellate procedure require an appellant to support his or her argument with pertinent analysis, including citation to and discussion of relevant authority and facts of

record. *See* Pa.R.A.P. 2119. This court will not become the counsel for an appellant and develop arguments on an appellant's behalf, *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super.2006), and waiver of an issue results when an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief. *Commonwealth v. Williams*, 959 A.2d 1252, 1258 (Pa.Super.2008). While we could refuse to address this issue because Cox has not developed an argument with citation to legal authority, we chose not to find it waived in this instance.

finding that Cox communicated lewd[4] sentiments about Victim to other people, and an inference that in doing so it was her intent to harass, annoy or alarm Victim.[5] The trial court succinctly analyzed the evidence in light of the statutory requirements for the crime of harassment:

> The Facebook post was intentionally made by [Cox]. It stated that [Victim], then [15] years old, was not only sexually active but also had a sexually transmitted disease. Both of these statements were untrue. We find that referring to the sexual activities of a [15]-year-old, whether true or not, can be considered lewd or obscene. The post used [Victim's] full name, so there was no confusion as to who it was direct to. [Cox] also made the post available not only to her friends, but also friends of friends; thus widening the possible audience. Even though [Cox] realized her behavior was wrong and took the post down, it had already been viewed by others.

Trial Court Opinion, 2/7/13, at 5. The evidence was sufficient to support the verdict, and therefore, Cox's conduct was the type of conduct the Legislature sought to criminalize under the harassment statute supporting her conviction.

In her second issue, Cox contends that the verdict was against the weight of the evidence. The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. *Commonwealth v. Forbes*, 867 A.2d 1268, 1273–74 (Pa.Super.2005). "Our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Knox*, 50 A.3d 732, 738 (Pa.Super.2012). An appellate court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice. *Forbes*, 867 A.2d at 1273–74.

◼ Cox's argument with regard to the weight of the evidence is that the jury erred by giving too much weight to Victim's "emotional" testimony, and in doing so disregarded the language and intent of the statute. Appellant's Brief at 10. We cannot agree. To the extent that Cox is arguing that the jury erred in crediting Victim's testimony, such an argument affords her no relief. In determining a weight of the evidence claim, it is not the function of an appellate court to re-assess the credibility of the witnesses' testimony. *Commonwealth v. Aguado*, 760 A.2d 1181, 1184 (Pa.Super.2000) (en banc). To the

---

**4.** Merriam–Webster Dictionary defines "lewd" as "sexually unchaste or licentious". *See* http://www.merriam-webster.com/dictionary/lewd. We therefore conclude that a jury could properly find that an allegation that one is carrying a sexually transmitted disease satisfies the "lewd words or language" requirement of 18 Pa.C.S.A. § 2709(a)(4).

**5.** Specifically with respect to the finding of the requisite intent, we note that there was no evidence that Cox posted the comment at issue for any purpose other than the harassment, annoyance, or alarming of Victim. *Cf. Commonwealth v. Wheaton*, 409 Pa.Super. 622, 598 A.2d 1017, 1019–20 (1991) (holding that defendant's threats to sue water authority trustees were insufficient to establish intent for harassment conviction, where defendant was embroiled in dispute with water authority and comments were made in effort to keep water authority from terminating water service).

extent that Cox argues that Victim's emotional testimony led the jury to return a verdict that is otherwise unsupported by the evidence, we also disagree, as we have already found that the evidence is sufficient to support the verdict. While Cox expressed remorse for the ill-conceived but intentionally harmful posting on Facebook, the jury assessed the evidence and found the publication on the internet was criminal harassment. There was no error in the trial court's refusal to reverse the verdict.

Judgment of sentence affirmed.