J-S22009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BILL HOLTZMAN | |
| Appellant | No. 803 WDA 2014 |

Appeal from the Judgment of Sentence April 15, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0001497-2013

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED June 1, 2015**

Appellant, Bill Holtzman, appeals from the judgment of sentence entered April 15, 2014, by the Honorable David R. Cashman, Court of Common Pleas of Allegheny County.  We affirm.

The trial court set forth the facts of this matter as follows.

> The testimony at trial established that security officer Melanie Phillips, … an employee of Magee Woman's Hospital UPMC, … along with Brian Zemenkowski, … a police officer for Magee, were working at Magee on January 31, 2013.  Both Phillips and Zemenkowski responded to a call involving Holtzman, who was [an elderly] patient in the hospital.  Holtzman was attempting to exit the hospital through an area that lead into the labor and delivery area of the hospital.  Holtzman was obviously agitated.  At one point he pointed a lighter at Phillips and stated, "I never burned a bitch before, but I have [] killed a few."  Phillips testified that Holtzman made

---

[*] Retired Senior Judge assigned to the Superior Court.

pretty threatening comments to her and was pacing up and down the hallway with a cane.

Phillips and Zemenkowski left the area at some point after it appeared that Holtzman had been sufficiently calmed down. Phillips testified that they returned on a second occasion, where they observed Holtzman swinging the cane that he carried, hitting medical equipment and swinging it at people that were walking around. Zemenkowski grabbed the cane, prompting Holtzman to spin around face-to-face with Phillips. Holtzman lunged at Phillips in an apparent attempt to choke her, thereby making contact with her left jaw and cheek area. Phillips testified that she had red marks in that area. Zemenkowski corroborated the existence of these marks and photographed those marks.

Zemenkowski also testified at the trial that Holtzman was wandering around in the hall, going in and out of other patient's rooms. He testified that Holtzman was: "Being a little disorderly, not following the rules. The staff wanted him to go back to his room." Zemenkowski testified that he tried to talk Holtzman into putting his cane down but that Holtzman continued to swing the cane around. When Holtzman refused to put the cane down, Zemenkowski testified that he grabbed the cane at the first opportunity. He testified that this was the point when Holtzman grabbed Phillips.

Trial Court Opinion, 12/9/14 at 1-3.

As a result of this incident, Holtzman was charged with two counts of harassment[1] and one count of disorderly conduct.[2] Following a bench trial, Holtzman was convicted of all charges and sentenced to time served. This timely appeal followed.

On appeal, Holtzman raises the following issue for our review.

---

[1] 18 Pa.C.S.A. § 2709(a)(1).
[2] 18 Pa.C.S.A. § 5503(a)(1).

Was the evidence insufficient to support a conviction for harassment or disorderly conduct when the appellant had no intent to harass, annoy, or alarm anyone, but was merely trying to leave the hospital?

Appellant's Brief at 5.

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

The crimes code defines the offense of harassment, as relevant to this case, as follows.

> **(a) Harassment—**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
>
> > (1) strikes, shoves, kicks, or otherwise subjects the other person to physical contact, or attempts or threatens to do the same.

18 Pa.C.S.A. § 2709 (a)(1). "An intent to harass may be inferred from the totality of the circumstances." ***Commonwealth v. Cox***, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted).

"A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior…." 18 Pa.C.S.A. § 5503(a)(1).

> The mens rea requirement of Section 5503 demands proof that appellant by [his] actions intentionally or recklessly created a risk of causing or caused a public inconvenience, annoyance or alarm. The specific intent requirement of this statute may be met by a showing of a reckless disregard of the risk of public inconvenience, annoyance, or alarm, even if the appellant's intent was to send a message to a certain individual, rather than to cause public inconvenience, annoyance, or alarm.

***Commonwealth v. Maerz***, 879 A.2d 1267, 1269 (Pa. Super. 2005) (citations omitted).

Holtzman maintains that he was merely trying to leave the hospital, and therefore had no intent to harass, annoy, or alarm anyone. He further argues that hospital staff "over-reacted" and escalated the situation into a physical incident. In support of his argument, Holtzman relies on, among other things, this Court's decision in ***Commonwealth v. Wheaton***, 598 A.2d 1017, 1019-20 (Pa. Super. 1991), in which we held that defendant's

threats to sue water authority trustees were insufficient to establish intent for a harassment conviction, where defendant was embroiled in a dispute with the water authority and comments were made in effort to keep the water authority from terminating water service. Holtzman argues by analogy that although his actions may have caused annoyance to hospital staff or other patients, his conduct merely reflected his attempt to leave the hospital, rather than an intent to annoy or harass.

We are unpersuaded by Holtzman's argument. While we are not at all dismissive of Holtzman's emotional state or physical and mental history, his actions in verbally threatening and physically striking hospital staff, and in swinging his cane about at other people and objects, clearly reflect his intent to annoy and alarm others. Holtzman's physical actions and verbal threats certainly rise above mere complaints or requests to leave the hospital. We further find no evidence to suggest that hospital staff "overreacted" or otherwise unnecessarily escalated the situation. Although Holtzman's treating physician, Peter Tanzer, testified that he issued instructions to hospital staff that Holtzman was not to be confronted and was allowed to leave if he so desired, *see* N.T., Trial, 4/15/14 at 41, there is no evidence that the security guards involved in this incident were alerted to these instructions. Regardless, Dr. Tanzer's instructions do not in any way mitigate or otherwise negate Holtzman's intent to annoy or alarm, as reflected by the totality of the circumstances.

As we find Holtzman's aggressive physical conduct and verbal threats clearly evinced an intent to annoy or alarm beyond the expression of mere annoyance, we find no basis on which to disturb his conviction of harassment and disorderly conduct.[3]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/1/2015

---

[3] As Holtzman argues only that the evidence was insufficient to support the *mens rea* requirement of his convictions, we need not address the remaining elements of the crimes further.