J-A21027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN SMIERCIAK, | |
| Appellant | No. 1561 WDA 2016 |

Appeal from the Judgment of Sentence May 5, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014309-2015

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 18, 2017**

Appellant, John Smierciak, appeals from the judgment of sentence entered on May 5, 2016, as made final by the denial of his post-sentence motion on September 15, 2016, following his bench trial convictions for criminal attempt – criminal trespass and harassment.[1]   We affirm.

We briefly summarize the facts and procedural history of this case as follows.  Appellant and the victim, T.H.,[2] met in 2010 at work.  The victim moved into Appellant's house in December 2012.  The parties had private sleeping arrangements and the victim maintained that they were in a platonic relationship.  Approximately three years later, the victim decided to

_____

[1]   18 Pa.C.S.A. §§ 3503/901 and 2709, respectively.

[2]  We use the victim's initials to protect her identity.

move out of Appellant's home to live with her mother. She did not discuss the matter with Appellant, however, because she felt that Appellant wanted a romantic relationship and had begun acting strangely, including sleeping in her bed when she was not present. On September 26, 2015, the victim rented a moving van and moved her belongings out of Appellant's house with the assistance of her brother, sister, and a police escort. Appellant became emotional and when he began crying and banging on the walls, police intervened. After the victim finished retrieving her belongings, she handed her keys to Appellant's residence over to the police. The victim's brother told Appellant to stay away from the victim and their mother's house. An hour later, the victim was in her mother's yard when she saw Appellant drive quickly towards her and park erratically and illegally in front of her mother's house. The victim ran inside, locked the door, and spoke with police. Appellant pushed past a family friend who was on the front porch and tried to force the front door open with his shoulder. Appellant said that the victim was "his woman" and that she was "going to come with" him. A family member came outside and confronted Appellant. Police arrived shortly thereafter and arrested Appellant.

The Commonwealth charged Appellant with the aforementioned charges, as well as simple assault. The trial court held a two-day, non-jury trial and convicted Appellant of criminal attempt – criminal trespass and harassment and acquitted him of simple assault. The trial court sentenced

Appellant to an aggregate term of five years of probation. The trial court also directed Appellant to complete anger management classes and ordered no contact with the victim. Appellant filed a timely post-sentence motion. The trial court denied relief on September 15, 2016. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

I.    Did the Commonwealth fail to present sufficient evidence to convict [Appellant] of [c]riminal attempt – criminal trespass?

II.   Did the Commonwealth fail to present sufficient evidence to convict [Appellant] of [h]arassment?

Appellant's Brief at 5.

Both of Appellant's issues challenge the sufficiency of the evidence presented by the Commonwealth. Our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of

_____

[3] Appellant filed a notice of appeal on October 14, 2016. On October 19, 2016, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 3, 2017.

fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fitzpatrick***, 159 A.3d 562, 567 (Pa. Super. 2017).

In his first issue presented, Appellant "contends that the Commonwealth presented insufficient evidence to convict him of [criminal attempt – criminal trespass], as the Commonwealth did not prove, beyond a reasonable doubt, that he was not in fact licensed to enter [the residence of the victim's mother] on the day in question, much less that he **knew** he was not so licensed." Appellant's Brief at 13-14 (emphasis in original). He claims there was no evidence that the victim's mother, who owned the house in question, had "extended to [the victim] or [her brother] the authority to grant or revoke permission to enter the residence." *Id.* at 15. Appellant maintains that he had a long-term relationship with the victim, had been invited into the residence in question on previous occasions, and, therefore, he did not know that his entry into the home would be unauthorized. *Id.* at 17-18.

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901.

Criminal trespass, is defined as follows:

§ 3503. Criminal trespass.

(a) Buildings and occupied structures.

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

*        *        *

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S.A. § 3503(a)(1)(ii).

This Court has previously adopted the following definition of privilege:

A person is privileged [] if he may naturally be expected to be on the premises often and in the natural course of his duties or habits.... Further, a person who is privileged may still commit [criminal trespass] if he would not reasonably be expected to be present.

**_Commonwealth v. Benito_**, 133 A.3d 333, 335 n.3 (Pa. Super. 2016) (citation omitted).

The victim testified that no one gave Appellant permission to enter the house on the day in question. N.T., 5/4/2016, at 54. The victim's brother explicitly warned Appellant not to contact the victim, including coming to her mother's house. **_Id._** at 55. The victim's brother stated that he also lived at the residence and specifically told Appellant to stay away an hour or two prior to the incident at issue. **_Id._** at 55, 58, and 64-65. The victim and her brother testified that Appellant, upon the victim's invitation, had been to their mother's home no more than three times before the victim moved. **_Id._**

at 29, 42, and 60. The victim testified, however, that her family generally did not spend social time with Appellant. *Id.* at 52. Her brother testified similarly. *Id.* at 60, 66-67.

Here, the trial court credited the testimony of the victim and her brother that Appellant was warned specifically to stay away from the residence at issue. Trial Court Opinion, 1/3/2017, at 8. The trial court further determined:

> In addition to this explicit warning to avoid contact with [the victim] and her mother's home, [the victim's] reaction to seeing [Appellant] speeding down the street towards her mother's home also was sufficient to communicate to [Appellant] that he was not welcome at that property. As noted, [the victim] immediately ran away from [Appellant], shut the gate behind her, retreated inside the house, and asked [a family friend] for help because she was afraid of [Appellant].
>
> *                *                *
>
> The evidence viewed in the light most favorable to the Commonwealth established that any belief possessed by [Appellant] that he was welcome at the property was entirely unreasonable under the circumstances.

*Id.* We agree and discern no abuse of discretion or error of law. Moreover, we note that, upon review of the record, Appellant had only been to the home on a few occasions, so there was no evidence that he was expected to be on the premises often and in the natural course of his habits. For all of these reasons, Appellant knew he did not have privilege to access the

- 6 -

property. As such, we reject Appellant's argument that there was insufficient evidence to convict him of criminal attempt–criminal trespass.[4]

Next, Appellant claims that there was insufficient evidence to convict him of harassment. He claims that, "[b]ecause the statements made by [Appellant] during the incident in question were not, when considered in the context of their relationship, of threatening nature, the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] made a threatening statement to [the victim] with the intent to harass, annoy or alarm her." Appellant's Brief at 20. Appellant avers that "it can be inferred from the context that [Appellant] was stating his desire for [the victim] to return to the residence that they had shared and begin a romantic relationship with him." *Id.*

The Commonwealth charged Appellant under subsection (a)(4) of the harassment statute, which defines the offense as follows:

> A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: [...] communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures[.]

18 Pa.C.S.A. § 2709(a)(4). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013).

_____

[4] Because Appellant only challenges the element of license regarding criminal trespass and does not challenge the elements of criminal attempt, we need not address the other elements of the offense.

Here, the victim testified that she did not want a romantic relationship with Appellant, moved out of his residence and made clear (through family members and with the use of a police escort) that she did not want Appellant to contact her at her mother's house. Appellant tried to contact the victim almost immediately thereafter, approaching the house quickly and causing the victim to flee inside the house. Appellant continued to pursue her after she locked the door and despite two men intervening on her behalf. The victim testified that she felt threatened when Appellant said she "was going to come with him[.]" N.T., 5/4/2016, at 53. Appellant admitted that he said, "[t]hat's my woman." *Id.* at 82, 87. Despite all of the victim's concerted efforts to distance herself from Appellant, Appellant used possessory language to describe the victim and demanded that she come with him, which showed his intent to harass the victim by threat. Hence, we discern the trial court did not abuse its discretion in finding sufficient evidence to support Appellant's conviction for harassment. Appellant's second issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2017