J-S22037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
        :        PENNSYLVANIA
        :
      v.       :
        :
        :
        :
ANTHONY P. CATANZARO        :
        :
     Appellant      :   No. 1610 MDA 2018

Appeal from the Judgment of Sentence Entered August 29, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002139-2017

BEFORE:   SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:        **FILED: MAY 1, 2019**

Anthony P. Catanzaro (Catanzaro) appeals from the judgment of sentence imposed following his bench conviction of the summary offense of harassment.[1]  We affirm.

We derive the relevant facts and procedural history of this case from our independent review of the record.  On April 27, 2017, at 1:30 p.m., Barbara Harned (Harned) was working in the Luzerne County Courthouse as executive secretary for the Honorable Tina Polachek Gartley.  Catanzaro and his girlfriend, Elizabeth Harvey (Harvey), approached the chambers and rang the doorbell.  Catanzaro informed Harned that they had filed an appeal and attempted to give her paperwork.  Harned refused to accept it because

---

[1] 18 Pa.C.S. § 2709(a)(1).

---

*   Retired Senior Judge assigned to the Superior Court.

Catanzaro was not a party to any pending case and he had been told that paperwork could not be accepted from him. Catanzaro then came very close to Harned and began yelling and screaming accusations regarding corruption at her. Catanzaro shoved Harned and punched her in the chest. Harned told Catanzaro to back off and made her way around him into the hallway where he continued to push, shove and yell at her. The incident ended when Maurice Lamoreux (Lamoreux) of the Luzerne County Sheriff's Department intervened and ordered Catanzaro to leave.

After a bench trial, Catanzaro was found guilty of harassment and was sentenced to a term of not less than one nor more than ninety days' incarceration and was eligible for immediate parole. This timely appeal followed.

Catanzaro first claims that the trial court erred in failing to declare a mistrial. (*See* Catanzaro's Brief, at 12-14). He argues that Lamoreux was not the sheriff's deputy who intervened in the incident with Harned and that Lamoreux, therefore, perjured himself by testifying that he was involved. (*See id.*). However, Catanzaro never moved at trial for a mistrial or even objected to Lamoreux's testimony on the basis of the alleged perjury or on any other grounds. (*See* N.T. Trial, 6/29/18, at 38-43).

It is well-settled that a defendant's failure to request a remedy such as a mistrial constitutes a waiver of the claim and it is not preserved for appellate review. *See Commonwealth v. Sandusky*, 77 A.3d 663, 670–71 (Pa.

Super. 2013). Because Catanzaro did not move for a mistrial or otherwise object, his claim that the court erred in failing to grant a mistrial is not preserved for our review.

Catanzaro next challenges the sufficiency of the evidence supporting his conviction. (*See* Catanzaro's Brief, at 14-17). He concedes that the Commonwealth established that he physically struck Harned but contends that it failed to prove that he did so with the intent to harass, annoy or alarm her. (*See id.*).[2]

"A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted).

Our review of the record confirms that Catanzaro's actions constituted harassment. Specifically, he angrily confronted and screamed at Harned and continued to do so after she told him that he was too close and needed to

_____

[2] "Our standard of review is *de novo*, and our scope of review is plenary, because: a claim challenging the sufficiency of the evidence is a question of law . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Commonwealth v. Neysmith*, 192 A.3d 184, 189 (Pa. Super. 2018), *appeal denied*, 200 A.3d 4 (Pa. 2019) (citation omitted).

back off. (**See** N.T. Trial, at 4-5). Catanzaro also pushed and shoved Harned while yelling various allegations regarding corruption at her. (**See id.** at 6-8). He hit Harned three or four times in the chest with his fist, hard enough to result in contusions and bruising. (**See id.**). These acts, taken together, demonstrate Catanzaro's intent to harass, annoy or alarm Harned. His sufficiency claim, therefore, merits no relief.

Lastly, Catanzaro challenges the discretionary aspects of his sentence, arguing that it is harsh and excessive in light of the nature of the offense and his advanced age. (**See** Catanzaro's Brief, at 18-21). He asserts that the severe sentence constitutes punishment for his choice to proceed with a bench trial instead of pleading guilty. (**See id.** at 20).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." **Commonwealth v. Conte**, 198 A.3d 1169, 1173 (Pa. Super. 2018) (citation omitted). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** (citation omitted). "We conduct this four-part test to determine whether: (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review." **Id.** (citation omitted).

Instantly, the record reflects that Catanzaro did not meet the first prong of this test because he failed to raise his claims challenging the court's sentence as harsh and excessive either at sentencing or in a post-sentence motion. Because he has not satisfied the four-part test necessary to invoke this Court's jurisdiction, his challenge to the discretionary aspects of his sentence do not merit relief.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/1/2019

---

[3] Furthermore, with respect to Catanzaro's claim that the trial court failed to consider mitigating factors, such as his advanced age, we note that it was in possession of a pre-sentence investigation report. "Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." *Conte*, *supra* at 1177 (citation omitted).