J-S43021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
            :     PENNSYLVANIA
            :
     v.          :
            :
            :
NORMAN STROHDACH     :
            :
    Appellant      :   No. 1771 MDA 2018

Appeal from the Judgment of Sentence Entered September 26, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002292-2017


BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:      **FILED SEPTEMBER 25, 2019**

   Appellant, Norman Strohdach, appeals from the Judgment of Sentence entered by the Luzerne County Court of Common Pleas following his convictions of Harassment and Defiant Trespass.[1] He challenges the sufficiency of evidence. After careful review, we affirm.

   The trial court summarized the facts of this case as follows:

On July 8, 2016, [Appellant] was bitten by the [V]ictim's dog. That incident started the chain of events eventually leading to his prosecution. Initially it appeared as though [Appellant] and the [V]ictim would reach an amicable resolution. However, their relationship eventually soured and although the [V]ictim attempted to prohibit [Appellant] from having any contact or communication with her, he began to engage in conduct resulting in criminal charges being filed against him.

On January 29, 2017, [Appellant] confronted the [V]ictim as she approached a bridge leading to her residence. [Appellant] cursed

_____

[1] 18 Pa.C.S. § 2709(a)(7) and 18 Pa.C.S. § 3503(b)(1)(i), respectively.

_____

\*   Former Justice specially assigned to the Superior Court.

at the [V]ictim and made statements that could not be viewed as legitimate communication. He continued to jog on the road near the [V]ictim's residence even after being asked to run a different route by law enforcement. [Appellant] also sent the [V]ictim text messages and drove his vehicle at her while she was at a gas station.

Trial Ct. Op., dated 12/20/18, at 3 (unpaginated). In April 2017, Appellant was charged with Harassment, Disorderly Conduct, and Defiant Trespass.

A one-day jury trial commenced on September 26, 2018 at which, *inter alia*, the Victim, Appellant, and police officers testified. The jury found Appellant guilty of Harassment. Immediately following the jury trial, the court found Appellant guilty of summary Defiant Trespass.[2] On the same date, the court sentenced Appellant to one year of probation and a $300 fine. Appellant did not file a post-sentence motion.

Appellant timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review:

Did the Commonwealth fail to present sufficient evidence to prove beyond a reasonable doubt, that Appellant's alleged communications were comprised entirely of non-legitimate communications such that it could be concluded that Appellant repeatedly communicated with the intent to harass, annoy or alarm the complainant under 18 Pa.C.S.[ ] § 2709(a)(7)?

Appellant's Br. at 2.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer,*** 744 A.2d 745, 751 (Pa. 2000). "[O]ur

---

[2] The Commonwealth withdrew the Disorderly Conduct charge.

standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Hutchinson,*** 164 A.3d 494, 497 (Pa. Super. 2017).

In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May,*** 887 A.2d 750, 753 (Pa. 2005) (citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller,*** 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

"A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person . . . communicates repeatedly[.]" 18 Pa.C.S. § 2709(a)(7). "An intent to harass may be inferred from the totality of the circumstances." ***Commonwealth v. Cox***, 72 A.3d 719, 721 (Pa. Super. 2013) (citations omitted). "[C]ommunicates" is defined by statute to mean, "[c]onveys a message without intent of legitimate communication or address by oral, nonverbal, written or electronic means, including telephone, electronic mail, Internet, facsimile, telex, wireless communication or similar transmission." 18 Pa.C.S. § 2709(f).

Appellant argues that the evidence does not support his Harassment conviction. He asserts that the Commonwealth failed to prove that he acted with intent to annoy, harass, or alarm the Victim, or that he acted without intent of legitimate communication. Appellant's Br. 14-15. He contends that his communication with the Victim was limited; was for the legitimate purpose to advise her of his injury and intent to sue; and his communications with the Victim did not contain any threatening language. *Id.* at 16-17. We disagree.

After the Victim ceased communication with Appellant in July 2016, Appellant continued to jog past her house and pace in front of her house. N.T., 9/26/18, at 31-33. Appellant sent the Victim a text message on September 6, 2016, which stated, *inter alia*, "[My] connections within the pet industry [] will strongly SUPPORT ANYONE bitten by dogs. . . . Maybe you want to keep paying your attorney to continue representing you in a losing case. Your choice." *Id.* at 56-57. On January 29, 2017, the Victim encountered Appellant on a bridge which led to her residence; Appellant cursed at her and told her that "he's going to make [her] pay," "he'd kill [her]," and "the reptilians are going to get [her]." *Id.* at 37-38, 42. Appellant also followed the Victim to a gas station, and swerved his car near her after she exited her vehicle. *Id.* at 40-41.

Following our review of the record, we agree with the trial court that, when viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient for the jury to reasonably conclude that

Appellant communicated repeatedly with the Victim with the intent to harass, annoy, or alarm her.

Accordingly, the evidence was sufficient to establish Harassment, and Appellant is not entitled to relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/25/2019