J-A12020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE TYROE SHIELDS | : | |
| | : | |
| Appellant | : | No. 1335 WDA 2020 |

Appeal from the Judgment of Sentence Entered November 4, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0000222-2020

BEFORE: MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED: May 13, 2022**

Tyree Tyroe Shields (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of two counts of harassment.[1] We affirm.

On December 9, 2019, Appellant and his girlfriend, Tyran Smith (Ms. Smith), argued over the telephone with Shaylia Thornton (Ms. Thornton), the mother of Appellant's child. N.T., 11/4/20, at 11-12. During the argument, Appellant announced he was bringing Ms. Smith to Ms. Thornton's residence. *Id.* at 12. Fearing for her safety, Ms. Thornton fled to her mother's home down the street. *Id.* at 12-13.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709(a)(1).

When Appellant and Ms. Smith arrived at Ms. Thornton's residence, they saw Ms. Thornton standing outside her mother's home, and the argument continued. *Id.* at 13-14. Ultimately, Ms. Smith hit Ms. Thornton, and the two began to brawl. *Id.* at 14. Appellant joined the fight, hitting and kicking Ms. Thornton, and pulling her hair. *Id.* at 14-15.

Ms. Thornton's grandfather, Joseph Thornton (Mr. Thornton), attempted to stop the fight. *Id.* at 15, 28. Appellant threatened Mr. Thornton: "Get out old man before I hit you." *Id.* at 28. Appellant "reach[ed] over" Mr. Thornton and "hit [him]." *Id.*; *see also id.* at 15. Mr. Thornton stated that Appellant, "caught me right on the side of my mouth. It wasn't hard, but he hit my mouth." *Id.* at 30. Mr. Thornton backed away. *Id.* at 31.

On February 20, 2020, the Commonwealth charged Appellant with one count each of harassment and simple assault.[2] The court held a bench trial on November 4, 2020. Ms. Thornton, Mr. Thornton, Ms. Smith, and Appellant testified. Thereafter, the trial court found Appellant guilty of one count of harassment as to Ms. Thornton, and one count of harassment (as a lesser included offense of simple assault) as to Mr. Thornton. *Id.* at 60. Appellant requested immediate sentencing, and the trial court sentenced him to concurrent 90-day terms of probation. *Id.* at 65.

---

[2] 18 Pa.C.S.A. § 2701(a)(1).

On November 24, 2020, Appellant filed a petition to file a post-sentence motion *nunc pro tunc*, seeking to challenge the weight of the evidence, which the trial court denied. Order, 12/4/20. This timely appeal followed.[3]

Appellant presents a single question for our review:

> Whether there was sufficient evidence to convict [Appellant] of harassment as to Mr. Thornton where the Commonwealth failed to prove beyond a reasonable doubt that despite making physical contact with Mr. Thornton, [Appellant] did not do so with the intent to harass, annoy, or alarm him?

Appellant's Brief at 5.

Appellant maintains that while he "certainly made physical contact with Mr. Thornton, the Commonwealth failed to prove, beyond a reasonable doubt, that he did so with the intent to harass, annoy, or alarm him." *Id.* at 23. Appellant argues he did not intend to hit Mr. Thornton, but did so "by sheer accident." *Id.* This claim is waived.

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state **with specificity** the element or elements upon which the appellant alleges that the evidence was insufficient." *Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (emphasis added). "The Pa.R.A.P. 1925(b) statement must be sufficiently 'concise' and 'coherent' such that **the trial court judge may be able to identify the issues to be raised on appeal**[.]" *Commonwealth*

_____

[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

*v. Vurimindi*, 200 A.3d 1031, 1038 (Pa. Super. 2018) (emphasis added).

"[A] Rule 1925(b) statement is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the party plans to raise on appeal." *Id.*

Appellant's Rule 1925(b) statement simply states:

> As to Count 2, Harassment—Subject Other to Physical Contact, the Commonwealth **failed to present sufficient evidence to prove beyond a reasonable doubt** that [Appellant]: (1) acted with the intent to harass, annoy, or alarm Mr. Thornton; and/or (2) **struck, shoved, kicked, or otherwise subjected Mr. Thornton to physical contact, or attempted or threatened to do the same.**

Rule 1925(b) Statement, 1/4/21, at 3 (emphasis added).

While Appellant mentioned the element of intent, he did not claim — as he does in his brief — that he punched Mr. Thornton accidentally. *See* Appellant's Brief at 20. Accordingly, the trial court did not address the claim in its Rule 1925(a) opinion, and the claim is waived. *See* Trial Court Opinion, 8/26/21, at 3-4; *Vurimindi*, 200 A.3d at 1038.

Also, Appellant's claim would lack merit even if he had raised it in his Rule 1925(b) statement. At trial, Appellant did not claim or testify that he accidentally hit Mr. Thornton. Rather, Appellant testified Mr. Thornton was not present during the fight.

In response to his lawyer's questions, Appellant stated:

[Defense Counsel]: Do you know who [Mr. Thornton] is?

[Appellant]: No, I never seen that man in my life until I went to court.

* * *

[Defense Counsel]: Did you ever hit [Mr. Thornton]?

[Appellant]: No, I don't know the man. I've never seen this man before.

N.T., 11/4/20, at 47.

This Court has long held an appellant cannot advance a legal theory on appeal that is different from that raised at trial. **Commonwealth v. Truong**, 36 A.3d 592, 598-99 (Pa. Super. 2012) (*en banc*) (challenge to sufficiency of the evidence waived where appellant argued at trial he killed in self-defense and/or heat of passion, but claimed imperfect self-defense on appeal); **see also Andrews v. Cross Atlantic Cap. Part., Inc.**, 158 A.3d 123, 130 (Pa. Super. 2017) (*en banc*) (holding that claim was waived where appellant advanced a different legal theory on appeal from that advanced at trial).

Finally,

[t]he determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary. In assessing [a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. ... [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

**Commonwealth v. Edwards**, 177 A.3d 963, 969-70 (Pa. Super. 2018) (citations omitted).

A person "commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:  [ ] strikes, shoves, kicks **or otherwise subjects the other person to physical contact**, **or attempts or threatens to do the same**[.]"  18 Pa.C.S.A. § 2709(a)(1) (emphasis added). "An intent to harass may be inferred from the totality of the circumstances." **Commonwealth v. Cox**, 72 A.3d 719, 721 (Pa. Super. 2013).

Appellant disregards our standard of review, which requires that this Court examine the evidence in the light most favorable to the Commonwealth. Appellant further ignores that we may not re-weigh evidence or make credibility determinations.  Appellant could be convicted of harassment if, with the intent to harass, annoy, or alarm, he threatened Mr. Thornton.  18 Pa.C.S.A. § 2709(a)(1).  Mr. Thornton testified Appellant threatened to hit him if he did not back away, and made multiple attempts to hit him, one of which was successful.  N.T., 11/4/20, at 28-32.  The trial court, sitting as the fact finder, credited Mr. Thornton's testimony.  **See** Trial Court Opinion, 8/26/21, at 4.  Thus, in the absence of waiver, there is ample evidence to support Appellant's conviction of harassment.  **See Cox**, **supra** at 721; **see also** 18 Pa.C.S.A. § 2709(a)(1).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2022