J-S15027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ALLAN COCKERHAM | : | |
| | : | |
| Appellant | : | No. 42 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 29, 2021
In the Court of Common Pleas of Chester County
Criminal Division at CP-15-CR-0002330-2020

BEFORE:  NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                      **FILED JUNE 7, 2022**

Michael Allan Cockerham (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of simple assault and harassment.[1]   Additionally, Appellant's counsel (Counsel) has filed an application to withdraw from representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

On July 30, 2020, Appellant resided at the home of his mother, Marjorie Cockerham (Ms. Cockerham), when Bryon Jones (the Victim), a carpenter and friend of Ms. Cockerham, went to the home to measure a door and provide a

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1) and 2709(a)(1).

repair estimate. N.T., 9/21/21, at 19-22. When the Victim began moving Appellant's possessions so he could measure the door, Appellant became agitated and belligerent, asking the Victim, "do you want to fight?" *Id.* at 23-24. Appellant then slammed a chair in front of the Victim, causing the Victim to lose his balance and begin to fall. *Id.* As the Victim attempted to get up, he became entangled with Appellant, who punched him in the eye. *Id.* at 24-26.

At the Victim's request, Ms. Cockerham called police. *Id.* at 31. Officer Sanford Moran of the East Whiteland Township Police Department was dispatched to the home. *Id.* at 40. Officer Moran observed the Victim's swollen and red eye, and a small cut under the Victim's right eyebrow. *Id.* at 42. Officer Moran did not see any injury to the Victim's hands. *Id.* at 47. After speaking with the Victim outside the home, Officer Moran went inside and located Appellant, who was agitated, out of breath, and sweating; Appellant's knuckles were bandaged and both of his hands were bleeding. *Id.* at 43. Appellant made several contradictory statements to Officer Moran about what happened. *Id.* at 48, 54.

The Commonwealth charged Appellant with simple assault and harassment, and the trial court held a bench trial on September 21, 2021. The Victim testified for the Commonwealth. He recounted the events at Ms. Cockerham's home, and the trial court admitted into evidence photographs showing the Victim's swollen, bruised eye and his unbruised hands. *Id.* at 28-

29. The court also admitted photographs of Appellant's hands which showed cuts and fresh blood. *Id.* at 46-47. The Victim testified he sought medical attention because he was "seeing stars," and experienced vision problems for approximately one month after Appellant punched him. *Id.* at 32.

Appellant represented himself and testified in his defense.[2] He denied punching the Victim, and claimed that contrary to the Victim's testimony, the Victim had hit him. *Id.* at 29, 81. Appellant acknowledged he never told police that the Victim hit him. *Id.* at 82. Appellant also testified he did not remember the incident and/or the incident was part of a plot between the Victim and Ms. Cockerham to have Appellant jailed and/or evicted. *Id.* at 73-89.

The trial court found Appellant guilty of simple assault and harassment. On November 29, 2021, immediately prior to sentencing, Appellant requested counsel, and the court ordered stand-by counsel to represent Appellant.[3] The trial court sentenced Appellant to time-served to 23 months in jail. Appellant did not file post-sentence motions. This appeal followed.

On January 18, 2021, in response to the trial court's order for a Pa.R.A.P. 1925 concise statement, Counsel submitted a statement of intent to

---

[2] Appellant executed a written waiver of counsel in open court. *See* Waiver of Counsel Colloquy, 9/9/21, at 1-7. Attorney Susanna E. Dewese of the Chester County Public Defender's Office served as stand-by counsel.

[3] The Chester County Public Defender's Office continues to represent Appellant on appeal.

file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court issued an opinion stating that because of Counsel's intent to file an *Anders* brief, it "reviewed the record in this matter and [found] no issue which would entitle Appellant to relief." Opinion, 1/21/22. On March 21, 2022, Counsel filed an *Anders* brief in this Court, asserting Appellant's appeal is frivolous and requesting permission to withdraw from representation. On March 25, 2022, Appellant filed a two-page response raising 12 additional claims.

We first address Counsel's application to withdraw. *See Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Before being permitted to withdraw pursuant to *Anders*, counsel must satisfy certain procedural and substantive requirements. *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the [*Anders*] brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 359 (citation omitted). Substantively, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s]

- 4 -

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel has complied with *Anders*' procedural and substantive requirements. Counsel states in her application to withdraw she found Appellant's issues to be frivolous after conducting a thorough review of the record. Application to Withdraw as Counsel, 3/21/22, at ¶ 1. Counsel attached to her application a copy of the letter she sent to Appellant, in which Counsel advised Appellant he could retain private counsel or proceed *pro se*. *Id.* at Ex. 3; *see also Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005). Counsel also provided Appellant with a copy of the *Anders* brief, which summarizes the facts and procedural history, includes issues that could arguably support Appellant's appeal, and explains Counsel's assessment of why the issues are frivolous. Accordingly, we review the issues presented in Counsel's *Anders* brief and Appellant's *pro se* response. We also conduct an independent review of the record to determine whether Appellant's appeal is in fact wholly frivolous. *See Santiago*, 978 A.2d at 358; *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) ("part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.").

Counsel's *Anders* brief presents the following issues:

I.    Was sufficient evidence presented to support a conviction beyond a reasonable doubt on the charge of simple assault, 18 Pa.C.S.A. § 2701(a)(1)?

II.   Was sufficient evidence presented to support a conviction beyond a reasonable doubt on the charge of harassment, 18 Pa.C.S.A. § 2709(a)(1)?

*Anders* Brief at 3 (capitalization omitted).

In his *pro se* response, Appellant raises the following issues:

[I.] There is no audio or video or transcript from preliminary hearing at Magisterial [District Judge] William D. Kraut.

[II.] Magisterial [District Judge] Gil, July 30th, 2020, violated my constitutional rights in her illegal stipulation upon posting of five thousand straight cash to not return to my abode. The "contractor" [Victim] who at trial said he was not a contractor resides in the City of Philadelphia, Pa. Nowhere near 200 Summit Road Malvern, Pa. 19355.

Twenty two days at hotels only to return to

a. Burglarized apartment
b. 911 takes hours and after submitting what Officer Moran asked for
c. Search warrant served on my burglarized apartment — turns out [Victim] cut and stole my locks, my property, planted marijuana plants, took photographs, then lied in court that I hit him.

[III.] [Magisterial District Judge] Gil violated [Appellant's] constitutional rights stipulating [Appellant] may not return home to 200 Summit Road leaving [him] homeless.

[IV.] [Victim] stated at Kraut district court he was a "contractor" and did work at "residence" even stating measurements of sliding door. At trial he said his occupation is/was "carpenter" and instead of "flailing" which he stated at district he now said after his falling into me I cold cocked him. This is totally different from previous.

[V.] [Ms. Cockerham's] statement and [Victim's] statement are not similar.

[VI.] Most IMPORTANTLY, [Appellant] was only legal resident at 200 Summit Road at time of alleged incident. [Ms. Cockerham] left [Appellant] message 0900 and alleged incident 1500 hours. [Victim] says he struck [Appellant] first in trial. [Victim] assaulted [Appellant]!

[VIII.] [Appellant] was in school at time of alleged incident. Home & school. On-line due to coronavirus.

[VIII.] Judge Carmody did not allow [Appellant] to introduce evidence including voicemail from [Ms. Cockerham] regarding arrival of unknown person later named [Victim] and illegitimate claims to be a victim.

[IX.] Judge Carmody said dismissed with prejudice P.F.A. "hurt" me more than helped when it showed [Ms. Cockerham's] aggressive behavior, illegal/unbecoming behavior, threats to cut off electricity and water to [Appellant's] dwelling.

[X.] Judge Patrick Carmody said on record he could only hold "jury trial for simple assault". "Charge would have to be reduced (summary) for judge trial." Judge trial was held[.]

[XI.] Harassment and disorderly conduct dismissed as not in public and only one alleged occurrence so paperwork stating "merged" is not acceptable!

[XII.] No masks worn by either [Ms. Cockerham] or [Victim] upon entering residence. There were no vaccinations at this time. Attempted murder on part of [Ms. Cockerham and Victim].

Appellant's *Pro Se* Response at 1-2 (unnumbered) (reordered).

In the ***Anders*** brief, Appellant challenges the sufficiency of the evidence underlying his convictions for simple assault and harassment. ***Anders*** Brief at 17-27. We have explained:

The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of

review is *de novo* and our scope of review is plenary. In assessing [a] sufficiency challenge, we must determine whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. ... [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence.

*Commonwealth v. Edwards*, 177 A.3d 963, 969-70 (Pa. Super. 2018) (quotation marks and citations omitted).

An individual commits simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1). The phrase "[b]odily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

A person "commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S.A. § 2709(a)(1). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013).

The Victim testified that when he encountered Appellant, Appellant was agitated and asked him if he wanted to fight. *See* N.T., 9/21/21, at 19-32, 40-42. When the Victim refused, Appellant slammed a chair, causing the Victim to lose his balance. As the Victim attempted to regain his balance, he became tangled with Appellant, who punched him in the eye. Police Officer

Moran observed the Victim's eye, and the Commonwealth submitted photograph evidence of the injury. ***See id.*** The Victim further testified to seeking medical attention and experiencing vision problems.

This evidence is sufficient to sustain Appellant's convictions for simple assault and harassment. ***See Commonwealth v. Jackson***, 907 A.2d 540, 545 (Pa. Super. 2006) (evidence sufficient to sustain simple assault conviction where arrestee, while attempting to flee, kicked and hit police officer, causing bruising, swelling, and soreness); ***Commonwealth v. Lutes***, 793 A.2d 949, 961 (Pa. Super. 2002) (evidence sufficient to sustain harassment conviction where defendant blocked victim's path, poked him in chest, and threatened to punch him). Thus, the issues in the ***Anders*** brief are meritless.

In the first three issues of Appellant's *pro se* response, he complains about the lack of transcript from his preliminary hearing and challenges the bail conditions imposed at his arraignment. Our Supreme Court has held that once a defendant pleads guilty or is tried and convicted, he cannot establish prejudice relative to alleged errors at a preliminary hearing. ***See Commonwealth v. Sanchez***, 82 A.3d 943, 984 (Pa. 2013). Moreover, Appellant's claims are moot because he is serving his sentence and no longer subject to pretrial bail conditions. ***See Pap's A.M. v. City of Erie***, 812 A.2d 591, 599 (Pa. 2002); ***cf. Commonwealth v. Sloan***, 907 A.2d 460, 464-65 (Pa. 2006) (finding claim relating to imposition of bail conditions following release pursuant to Pa.R.Crim.P. 600(E) mooted by appellant's convictions,

but deciding issue because it was "of a recurring nature yet capable of repeatedly evading review, and involve[d] issues of important public interest."). These first three issues lack merit and are frivolous.

In his fourth through seventh issues, Appellant complains of a series of perceived discrepancies in the trial testimony, which he claims rendered the testimony not credible. A challenge to credibility implicates the weight of the evidence. *See Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013); *Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa. Super. 2007) (claim that jury should have believed appellant's account, rather than that of the victim, goes to weight, not sufficiency of evidence). This Court cannot consider, in the first instance, a claim the verdict is against the weight of the evidence. *See Commonwealth v. Wilson*, 825 A.2d 710, 714 (Pa. Super. 2003). Because Appellant did not file a post-sentence motion challenging weight, these issues are not preserved for appellate review. *See Commonwealth v. Burkett*, 830 A.2d 1034, 1036 (Pa. Super. 2003).

In his eighth issue, Appellant challenges the exclusion from trial of unspecified evidence and a voicemail from Ms. Cockerham. However, Appellant does not cite the record or indicate where he raised this issue with the trial court. It is not this Court's responsibility to comb through the record seeking the factual underpinnings of Appellant's claim. *See Commonwealth v. Mulholland*, 702 A.2d 1027, 1034 n.5 (Pa. Super. 1997). We are not obligated to act as Appellant's counsel. "When issues are not properly raised

and developed in briefs . . . a Court will not consider the merits thereof."

***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. 1996). Appellant waived his eighth issue.

Appellant's remaining four issues consist of irrelevant and nonsensical allegations which lack any legal basis for relief. Therefore, they are waived. ***See Commonwealth v. Bavusa***, 832 A.2d 1042, 1052 (Pa. 2003) (reiterating that undeveloped claims are waived); and ***Commonwealth v. Williams***, 959 A.2d 1252, 1258 (Pa. Super. 2008) (waiver results when appellant fails to develop an issue or cite legal authority to support his claim).

Finally, our independent review of the record reveals no arguably meritorious issues Appellant could raise on appeal. ***See Dempster***, 187 A.3d at 272. Accordingly, we grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2022

- 11 -