**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARLOS IVAN AIZPURUA | : | |
| | : | |
| Appellant | : | No. 70 EDA 2025 |

Appeal from the Judgment of Sentence Entered October 31, 2024
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0001105-2024

BEFORE: STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 29, 2025**

Appellant, Carlos Ivan Aizpurua, appeals from his judgment of sentence for harassment (18 Pa.C.S.A. § 2709). We affirm.

The trial court summarized the evidence as follows:

The victim owns and operates Campus Corner Pizzeria in Villanova. He was working at that location on October 29, 2023, at 1:30 a.m. At that time, a female who the victim asked to leave a couple of hours prior that evening entered the store. The female had a history of coming into the victim's establishment and stealing drinks, chips, and different items. Earlier that evening, the victim witnessed the female shoplifting again and politely asked her to leave. The female left as requested without incident. As the female re-entered the store at 1:30 a.m., the victim politely put his hand on her shoulder and asked her to leave. At that point, [Appellant] approached the victim and told him he couldn't tell her to leave. A verbal argument ensued, then [Appellant] shoved the victim. When the victim shoved him back, [Appellant] punched the victim in the face, breaking his glasses. Then the victim's son and daughter, who were also working that evening,

_____

[*] Former Justice specially assigned to the Superior Court.

intervened. They tried to restrain [Appellant] from physically attacking the victim. The parties then wrestled to the ground. [Appellant] continued to be aggressive and tried multiple times to punch the victim in the groin. Eventually, the victim's son and daughter were able to get [Appellant] out of the store. The entire incident was video recorded and published to the court.

Pa.R.A.P. 1925(a) Opinion, 1/16/25, at 1-2.

Appellant was charged with simple assault, harassment and disorderly conduct. Prior to trial, the Commonwealth withdrew the simple assault and disorderly conduct charges, electing to proceed solely on the summary charge of harassment. The case proceeded to a bench trial in which the victim and Appellant testified. Appellant claimed that he acted in self-defense. The court found Appellant guilty of harassment and fined him $200.00. Appellant did not file post-sentence motions, opting instead to file this timely appeal. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

1. Whether the trial court committed reversible error when it concluded that the evidence presented by the Commonwealth was sufficient to sustain a conviction for Harassment?

2. Whether the trial court committed reversible error when it concluded that the evidence presented by the Commonwealth was sufficient to disprove the defense of Justification (self-defense & defense of others) beyond a reasonable doubt?

Appellant's Brief at 3-4. We address these issues together, because they both challenge the sufficiency of the evidence.

When the defendant challenges the sufficiency of the evidence, our standard of review is

whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 206 A.3d 551, 557 (Pa. Super. 2019).

The harassment statute, in relevant part, states that "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person: (1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1). The "intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013).

Construed in the light most favorable to the Commonwealth, the verdict winner, the evidence demonstrated that Appellant shoved and punched the victim, breaking his glasses. N.T., 10/31/24, at 6-29. The victim testified that Appellant approached him in an aggressive manner, escalated a verbal argument into a physical one, shoved and struck him without justification, and

attempted to kick him in the groin. ***Id.*** The victim's son and daughter were forced to intervene to stop Appellant from continuing the assault. ***Id.*** This evidence satisfies Section 2709(a)(1) by demonstrating that Appellant struck and shoved the victim, attempted to strike him further, and intended to harass, annoy, or alarm him. ***See Commonwealth v. Kirwan***, 847 A.2d 61, 64 (Pa. Super. 2004) (reasonable jury could conclude that throwing another person to the ground satisfies Section 2709(a)(1) in that there is physical contact with intent to alarm); ***Commonwealth v. Blackham***, 909 A.2d 315, 319 (Pa. Super. 2006) (sufficient evidence of physical contact with intent to harass, annoy, or alarm where defendant grabbed victim's arm and back of his neck while dragging him up the street and into her house).

The evidence, construed in the light most favorable to the Commonwealth, also is sufficient to refute Appellant's claim of self-defense.

Appellant claims that his actions were permissible under 18 Pa.C.S.A. § 506 to protect the female whom the victim told to leave the pizzeria. Section 506 provides:

> § 506. Use of force for the protection of other persons.
>
> (a) General rule.--The use of force upon or toward the person of another is justifiable to protect a third person when:
>
> (1)   the actor would be justified under [18 Pa.C.S.A. §] 505 (relating to use of force in self-protection) in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect.

***Id.*** 18 Pa.C.S.A. § 505 provides, in turn:

§ 505. Use of force in self-protection.

(a) Use of force justifiable for protection of the person.--The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion.

*Id.*  The defendant has no burden to prove self-defense.  ***Commonwealth v. Smith***, 97 A.3d 782, 787 (Pa. Super. 2014).  If the defendant properly raises self-defense during trial, the Commonwealth has the burden to prove beyond a reasonable doubt that his act was not justifiable self-defense.  ***Id.***  The Commonwealth sustains this burden if it proves, *inter alia*, that the defendant provoked or continued the use of force.  ***Id.***

Here, the trial court expressly credited the victim's testimony over Appellant's testimony and found that the video evidence supported the victim's testimony that Appellant was the initial aggressor.  Pa.R.A.P. 1925 Opinion, 1/16/25, at 6-7.  This evidence, viewed in the light most favorable to the Commonwealth, was sufficient to establish that Appellant was the initial aggressor who escalated the encounter.  Because justification is unavailable as a defense under these circumstances, the trial court properly rejected Appellant's claim of self-defense.

Appellant relies solely on his own self-serving testimony and claims that the victim's testimony is incredible.  This argument fails because when we review the sufficiency of the evidence, we must interpret the evidence in the light most favorable to the Commonwealth.  Sufficiency review "does not

include an assessment of credibility of testimony offered by the Commonwealth." **_Commonwealth v. Juray_**, 275 A.3d 1037, 1043 (Pa. Super. 2022); **_see also Commonwealth v. V.M.H., Jr._**, 932 A.2d 155, 160 (Pa. Super. 2007) ("Appellant essentially argues that the trial court erred in crediting the victim's testimony over Appellant's version of events. However, such arguments go to the weight, not sufficiency, of the evidence").

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/29/2025