J-S46042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARNETT NEWLAND | : | |
| | : | |
| Appellant | : | No. 799 WDA 2025 |

Appeal from the Judgment of Sentence Entered June 4, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000195-2025

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: FEBRUARY 23, 2026**

Appellant, Darnett Newland, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for disorderly conduct and harassment.[1] We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this matter are as follows. In the early morning hours of January 8, 2025, Police Sergeant Sheldon Summers responded to reports of a loud party and someone screaming that someone else needed to leave. When Sergeant Summers arrived, he observed Appellant violently grabbing and shoving a woman into a rideshare car. The shove was hard enough to knock off the woman's wig. Sergeant Summers called Officer Jason Gostkowski for backup. Appellant attempted to

---

[1] 18 Pa.C.S.A. §§ 5503 and 2709(a)(1), respectively.

order the rideshare driver to leave the scene.

After police officers confronted him, Appellant slammed the door of the car on Officer Gostkowski's hand and screamed about a gun. Sergeant Summers and Officer Gostkowski attempted to pull Appellant out of the car as he braced himself on the inside of the vehicle with his legs on the door frame and held onto the back of the seats, kicking his feet. After the officers successfully removed Appellant from the car, police placed him under arrest.

On January 15, 2025, a magisterial district judge convicted Appellant of disorderly conduct and harassment. On February 21, 2025, Appellant timely appealed to the Court of Common Pleas. On June 5, 2025, the matter proceeded to trial *de novo*. The Commonwealth presented the testimony of Sergeant Summers and Officer Gostkowski. Appellant testified in his own defense, asserting that he and his girlfriend had been drinking at the party, and that he took her to the car because she was tipsy. Appellant denied acting violently towards his girlfriend. According to Appellant, the police officers opened the door, grabbed him, and began to choke him without provocation. Appellant also presented the testimony of Jamay Walker, his girlfriend, who also denied that he had been violent with her. That same day, the court convicted Appellant of disorderly conduct and harassment, and sentenced Appellant to time served.

On June 30, 2025, Appellant timely filed a notice of appeal and simultaneously filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

Preliminarily, appellate counsel seeks to withdraw representation pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **See Santiago, supra** at 173-79, 978 A.2d at 358-61. "Substantial compliance with these requirements is sufficient." **Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa.Super. 2015). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In **Santiago, supra** our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references

> to anything in the record that might arguably support the appeal.

> \*     \*     \*

> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-179, 978 A.2d at 361.

Instantly, appellate counsel has filed an application to withdraw. The application states that counsel has reviewed the record and determined that there are no non-frivolous grounds for an appeal. Counsel subsequently sent a copy of the **Anders** brief to Appellant. Counsel also provided Appellant with a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional points Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel summarized the facts and procedural history of Appellant's case. The argument section of the brief cites to portions of the record that might arguably support Appellant's issues on appeal. Counsel also provides the reasons for his conclusion that the appeal is wholly frivolous.

Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**. **See Reid, supra**.

Appellant has not responded to the **Anders** brief *pro se* or with newly retained private counsel. Counsel raises the following issues on Appellant's behalf:

> 1. Was the evidence presented at the June 4, 2025 *de novo* trial insufficient to support a conviction for Disorderly Conduct under 18 Pa.C.S. § 5503(a)(4) as it did not show that, by and while actively resisting police efforts to remove him from the car/scene, [Appellant]: (A) intended to cause, or recklessly created a risk of, public inconvenience, annoyance or alarm; and (B) created a hazardous or physically offensive condition?
>
> 2. Was the evidence presented at the June 4, 2025 *de novo* trial insufficient to support the conviction for Harassment under 18 Pa.C.S. § 2709(a)(1) as it did not show that, by and while actively resisting police efforts to remove him from the car/scene, [Appellant]: (A) intended to harass, annoy or alarm Officer Gostkowski; and (B) did, or attempted or threatened to, strike, shove, kick or otherwise subject Officer Gostkowski to physical contact?

(**Anders** Brief at 3).

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be

resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

In Appellant's first issue, he contends that the evidence was insufficient to support his conviction for disorderly conduct. According to Appellant, his intent was limited to evading arrest, and he did not have the intent to cause a public inconvenience or risk. On these grounds, Appellant concludes the Commonwealth presented insufficient evidence to sustain his conviction for disorderly conduct. We disagree.

The Crimes Code defines the offense of disorderly conduct, in relevant part, as follows:

**§ 5503. Disorderly conduct**

**(a) Offense defined.**—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

* * *

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa.C.S.A. § 5503(a)(4). The purpose behind Section 5503 is to protect the public from public unruliness leading to tumult or disorder; it is not a "catchall for every act which annoys or disturbs people." **Commonwealth v. Coniker**, 290 A.3d 725, 735 (Pa.Super. 2023). This Court has explained:

> First, Section 5503 requires proof that the defendant had one of two alternative mental states: "intent to cause public inconvenience, annoyance or alarm, **or** recklessly creating a risk thereof." 18 Pa.C.S.A. § 5503 (emphasis added). The Commonwealth can thus sustain a disorderly conduct conviction with evidence that the defendant recklessly created a risk of public inconvenience, annoyance, or alarm, even if he lacked the intent to do so. **Commonwealth v. Troy**, 832 A.2d 1089, 1094 (Pa.Super. 2003) (citing **Commonwealth v. Kidd**, 442 A.2d 826, 827 (Pa.Super. 1982)).
>
> * * *
>
> Second, Section 5503(a)(4) requires proof that a defendant "create[d] a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S.A. § 5503(a)(4). Our cases illustrate a patchwork of conditions that are hazardous or physically offensive. A condition is "hazardous" if it "involves danger or risk" of "the possibility of injuries resulting from public disorders." [**Commonwealth v. Roth**, 531 A.2d 1133, 1137 (Pa.Super. 1987), *appeal denied*, 518 Pa. 625, 541 A.2d 1137 (1988)] (citation and internal quotation marks and brackets omitted); **Commonwealth v. Williams**, [574 A.2d 1161, 1164 (Pa.Super. 1990)]. By contrast, the meaning of "physically offensive condition" "encompasses direct assaults on the physical senses of members of the public" as opposed to "merely morally offensive" conduct. **Commonwealth v. McConnell**, 244 A.3d 44, 49

(Pa.Super. 2020). The Commonwealth needs to prove that the defendant created either a hazardous condition or a physically offensive condition, not both. *See id.* at 49 n.3.

*Coniker, supra* at 735.

Instantly, the trial court observed:

> In his Concise Statement, [Appellant] concedes that he was actively resisting police efforts to remove him from the car/scene. The Officers also testified to observing [Appellant] so violently shove his female companion into the automob[ile] as to knock off her wig. When the Officer tried to speak to [Appellant], he began yelling about the Officer's gun and violently slammed the door on him and began reaching around in the vehicle for what could have been a weapon. Actively resisting the lawful efforts of the police to safeguard the public is the very definition of intent.
>
> The specific intent requirement may be met by a showing of reckless disregard of the risk of public inconvenience, annoyance, or alarm even if the intent was to send a message to a certain individual. *Commonwealth v. Maerz*, 879 A.2d 1267, 1269 (Pa.Super. 2005).
>
> In the present case there was no doubt that [Appellant's] intent was to fight off the Officers who were trying to make the situation safe for themselves and for the bystanders.

(Trial Court Opinion, 8/20/25, at 3 (unpaginated)).

The record supports the trial court's conclusion. Here, Appellant's actions drew curious bystanders and forced officers to attempt to pull him from a car stopped in the middle of the road, which created a hazardous condition. *See Roth, supra*. *See also Commonwealth v. Fisher*, 303 A.3d 1078, 1084 (Pa.Super. 2023) (holding that defendant's actions which forced officers to prolong stop, created potential danger to other motorists, constituting disorderly conduct). Where recklessness is evident, specific

- 8 -

intent is not required. *See Coniker, supra*. Further, Appellant's actions of attempting to evade being pulled from a car to ensure the safety of officers and a member of the public had no legitimate purpose. *See id.* Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to sustain Appellant's disorderly conduct conviction. *See Sebolka, supra*.

In Appellant's second issue, he contends that the evidence was insufficient to support his conviction for harassment. Essentially, Appellant argues that his intent was not to harass or annoy anyone. On this ground, Appellant concludes the Commonwealth presented insufficient evidence to sustain his harassment conviction. We disagree.

The Crimes Code defines harassment, in relevant part, as follows:

**§ 2709. Harassment**

**(a) Offense defined.--**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]

18 Pa.C.S.A. § 2709(a)(1). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa.Super. 2013) (quoting *Commonwealth v. Lutes*, 793 A.2d 949, 961 (Pa.Super. 2002)).

Instantly, the trial court addressed the facts underlying the disorderly

conduct conviction and the facts underlying the harassment conviction at the same time, concluding that Appellant's actions had displayed an intent to physically fight off officers who were attempting to secure him. (Trial Court Opinion, 8/20/25, at 3 (unpaginated)). As a result, the court concluded the evidence was sufficient to sustain Appellant's conviction for harassment.

The record supports this conclusion. Specifically, the record reflects that Appellant subjected police officers to physical contact, where he closed the car door on an officer's hand, kicked at officers, and was forcibly dragged from the car. (*See* N.T. Trial, 6/4/25, at 10-11, 36). *See also* 18 Pa.C.S.A. § 2709(a)(1). Further, because we may infer intent from the totality of the circumstances, due to Appellant's repeated physical actions of attempting to kick officers during their attempts to place him in custody, we conclude that his intent was to annoy or alarm the officers. *See Cox, supra*. *See also Commonwealth v. Bennett*, 827 A.2d 469, 479-80 (Pa.Super. 2003) (holding that shoving police officer was sufficient to show intent to harass, annoy, or alarm). Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was sufficient to support Appellant's conviction for harassment. *See Cox, supra*; 18 Pa.C.S.A. § 2709. Following our independent review of the record, we agree the appeal is frivolous. *See Dempster, supra*; *Palm, supra*. Accordingly, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>2/23/2026</u>